DWORKIN, Appellant,

v.

PALEY, Appellee.

[Cite as *Dworkin v. Paley* (1994), 93 Ohio App.3d 383.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64834.

Decided March 21, 1994.

*David Dworkin,* pro se.

*Marvin H. Hersch,* for appellee.

PATTON, Presiding Judge.

Plaintiff-appellant David Dworkin ("appellant") appeals from the decision rendered by the Shaker Heights Municipal Court granting summary judgment in favor of defendant-appellee Ethel Paley ("appellee").

Appellant entered into a one-year residential lease with the appellee commencing on July 1, 1990. The lease encompassed the upper portion of a two-family house located at 3770 Northwood Road in University Heights. Appellant paid to the appellee $395 as a security deposit and $395 as payment for the last month's rent at the time the lease was entered into. The lease was renewed for a second one-year term at the rate of $415 per month. At that time, appellant paid an additional $40 to appellee to bring the security deposit and last month's rent up to par with the increased monthly rental payment.

When appellant moved into the upper unit, the lower unit was occupied by a young married couple. The young couple moved out of their unit approximately eighteen months later. At that time, on or about December 17, 1991, the appellee moved into the lower dwelling unit.

On December 31, 1991, appellant informed appellee in writing that her cigarette smoking was annoying him and causing him physical discomfort. The cigarette smoke and associated odor were allegedly being transmitted to the upper unit through the common heating and cooling systems shared by the two units. The thermostat for the shared system was controlled by a single thermostat located in the lower unit. In his written notice to appellee, appellant suggested that he could seal off the heat registers in his unit and supply heat with portable electric heaters. On or about January 4, 1992, appellant received a letter from appellee's counsel indicating that appellee would not allow the use of portable electric heaters and, further, that if appellant terminated his occupancy of the premises, he would be held accountable for the balance of rent due under the terms of the lease. Appellant sent appellee notification of his intent to vacate the premises on January 4, 1992. Appellant thereafter vacated the premises on January 29, 1992.

On September 11, 1992, appellant brought an action in Shaker Heights Municipal Court to terminate the residential lease and recover his security deposit from appellee. In essence, the complaint alleged appellee breached the covenant of quiet enjoyment and duties imposed by R.C. 5321.04. On October 29, 1992, appellee filed a motion to dismiss, or, in the alternative, motion for summary judgment with attached affidavits of appellee and a prior tenant. On November 9, 1992, appellant filed his opposition to appellee's motion with his own attached affidavit. In an entry journalized on December 20, 1992, the trial court granted summary judgment in favor of appellee. The instant appeal followed.

Appellant's assignment of error provides:

"The plaintiff-appellant, for his sole assignment of error, says that the judgment below, granting defendant-appellee's motion to dismiss, or in the alternative, motion for summary judgment, was in error."

The trial court's December 20, 1992 judgment entry makes it clear that the trial court granted summary judgment in favor of appellee. We will thus, for the purposes of this appeal, proceed on that basis. In essence, appellant argues that genuine issues of material fact exist and that reasonable minds could reach different conclusions as to whether the conditions of the upstairs unit resulted in a breach of the covenant of quiet enjoyment and the statutory duties of a landlord imposed by R.C. 5321.04. Appellant's argument has merit.

It is axiomatic that a motion for summary judgment shall only be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment shall not be granted unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

Moreover, upon motion for summary judgment pursuant to Civ.R. 56, the burden of establishing that material facts are not in dispute and that no genuine issue of fact exists is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. However, in that Civ.R. 56(E) requires that a party set forth specific facts showing that there is a genuine issue for trial, such party must so perform if he is to avoid summary judgment. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph seven of the syllabus.

In Ohio, a covenant of quiet enjoyment is implied into every lease contract for realty and protects the tenant's right to a peaceful and undisturbed enjoyment of his leasehold. *Glyco v. Schultz* (1972), 35 Ohio Misc. 25, 33, 62 O.O.2d 459, 463, 289 N.E.2d 919, 925. In discussing the covenant of quiet enjoyment, this court has stated: "The covenant is breached when the landlord ' " * * * obstruct[s], interfere[s] with, or take[s] away from the * * * [tenant] in a substantial degree the beneficial use * * * " ' of the leasehold." *Howard v. Simon* (1984), 18 Ohio App.3d 14, 16, 18 OBR 38, 40, 480 N.E.2d 99, 102, citing *Frankel v. Steman* (1915), 92 Ohio St. 197, 200, 110 N.E. 747, 748. The degree of the impairment required is a question for the finder of fact. *Id.*

Furthermore, the statutory obligations of a landlord are set forth in R.C. 5321.04, which provides in relevant part:

"(A) A landlord who is a party to a rental agreement shall do all of the following:

"(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;

"(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;

" * * *

"(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him[.]"

R.C. 5321.07 provides, in part, as follows:

"(A) If a landlord fails to fulfill any obligation imposed upon him by section 5321.04 of the Revised Code, other than the obligation specified in division (A)(9) of that section, or any obligation imposed upon him by the rental agreement, if the conditions of the residential premises are such that the tenant reasonably believes that a landlord has failed to fulfill any such obligations, or if a governmental agency has found that the premises are not in compliance with building, housing, health, or safety codes that apply to any condition of the premises that could materially affect the health and safety of an occupant, the tenant may give notice in writing to the landlord, specifying the acts, omissions, or code violations that constitute noncompliance. The notice shall be sent to the person or place where rent is normally paid.

"(B) If a landlord receives the notice described in division (A) of this section and after receipt of the notice fails to remedy the condition within a reasonable time considering the severity of the condition and the time necessary to remedy it, or within thirty days, whichever is sooner, and if the tenant is current in rent payments due under the rental agreement, the tenant may do one of the following:

" * * *

"(3) Terminate the rental agreement."

Review of the affidavits attached to appellee's motion to dismiss, or, in the alternative, motion for summary judgment and appellant's opposition thereto, reveals the existence of general issues of material fact concerning the amount of smoke or noxious odors being transmitted into appellant's rental unit. In appellee's affidavit attached to her motion, she stated that the lease did not

guarantee or warrant a smoke-free environment. Appellee also asserted that what minimal smoking was carried on in the building occurred in a separate and distinctly isolated portion of the building, which was not in close proximity to the portion occupied by appellant. In appellant's affidavit attached to his opposition to appellee's motion, he stated that it was not until the week of December 31, 1991 that cigarette smoke was accumulating and becoming more and more objectionable. Appellant also asserted it was during that week that he began feeling the negative impact the smoke was having on his health. Further, appellant denied being hypersensitive to cigarette smoke.

By construing the evidence in the light most favorable to appellant, as we are required to do, we find that reasonable minds could come to different conclusions concerning whether the condition of appellant's rental unit, i.e., the smoke, was sufficient to constitute a breach of the covenant of quiet enjoyment or a breach of any of the landlord's duties contained in R.C. 5321.04. In our opinion, final determination of the instant case should thus be delayed pending further factual development at trial.

Accordingly, the trial court's decision granting summary judgment in favor of the appellee is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

HARPER and PORTER, JJ., concur.