STEELE et al., Appellants,

v.

AUBURN VOCATIONAL SCHOOL DISTRICT et al., Appellees.

[Cite as *Steele v. Auburn Vocational School Dist.* (1994), 104 Ohio App.3d 204.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 93–L–105.

Decided July 5, 1994.

*Peter H. Weinberger* and *Cathleen M. Bolek,* for appellants.

*Joseph R. Tira,* for appellees Auburn Vocational School District and Peter Overson, Superintendent.

*Richard B. Gemperline,* for appellee Perry Local School District.

Joseph E. Mahoney, Judge.

Plaintiffs-appellants, Timothy Steele, a minor, by his parents and natural guardians, Ronald Steele and Nancy Steele, appeal from the trial court's decision granting summary judgment to defendants-appellees, Auburn Vocational School District and Perry Local School District.

On December 18, 1990, appellant, Timothy Steele, was severely injured in an automobile accident while returning to Perry High School from the Auburn Career Center. He was a passenger in a car driven by another student, Mark Monaco, who did not have permission to drive between schools and did not have permission to carry other students as passengers.

On the date of the accident, appellant and two other students, Mark Balash and Jason Heil, decided to ride with Mark Monaco from Perry High School to the Auburn Career Center in Monaco's private automobile instead of taking the shuttle bus provided for them by Perry High School. The students did not have the required permits to drive between schools. As the students exited Perry High School, their home school, that morning, they passed the shuttle bus they were required to take. Mark Monaco allegedly ran by the bus and yelled to the

bus driver, Betty Thomas, that he was driving to Auburn. The bus driver did not see the other students.

The students arrived at Auburn and attended their classes. At the conclusion of their classes, the students headed for the parking lot for the return ride to Perry. At that point, Jason Heil changed his mind and decided to return to Perry by bus because he feared being caught and disciplined for violating the school's rules and regulations. The other students went to Monaco's car at the rear of the parking lot and lay down in the car to conceal themselves so that they would not be detected by the teacher monitoring the parking lot. Approximately ten minutes later, Monaco started his vehicle and exited the parking lot without being detected.

After leaving the Auburn parking lot, Monaco's vehicle collided with a tractor-trailer rig on State Route 44. It is undisputed that the accident occurred because Monaco failed to yield to a red light. Both Monaco and Balash were killed in the accident. Appellant survived but suffered severe brain damage.

On December 12, 1991, appellants filed a four-count complaint alleging that appellee school districts were negligent in failing to enforce their student parking and busing regulations, had acted in a wanton and reckless manner, had violated Timothy Steele's civil rights under Section 1983, Title 42, U.S.Code, and had caused loss of services and future medical expenses.

Subsequently, appellees filed motions for summary judgment asserting that they were not negligent, were not liable under Section 1983, Title 42, U.S.Code, and were immune from liability under the sovereign immunity doctrine set forth in R.C. 2744.01 *et seq.*

On June 1, 1993, the trial court filed its opinion and journal entry wherein it granted appellees summary judgment on all four counts. Based on the evidence submitted, the court opined that appellees did not have a duty to provide extraordinary supervision of student parking and that, even if they had such a duty to more carefully supervise the student parking, the injury to appellants was not a foreseeable result of appellees' failure to supervise. Thus, the court concluded that there was no issue of material fact as to negligence.

The trial court further reasoned that even if appellees were negligent, they are immune from liability under R.C. 2744.03(A)(3) or 2744.03(A)(5) because appellees' governmental or proprietary act or omission was a discretionary function which was not exercised in a malicious or other forbidden manner.

The trial court granted summary judgment on Count One and Count Four, which is derivative of Count One, finding that there was no genuine issue of material fact as to negligence or appellees' immunity under R.C. 2744.03(A). The court also granted summary judgment on Counts Two and Three because

appellants failed to set forth specific facts showing a genuine issue of wanton or reckless misconduct by appellees and failed to set forth specific facts showing a violation of Section 1983, Title 42, U.S.Code.

Appellants have filed a timely appeal and now present the following assignments of error:

"1. The trial court erred in holding that there is no genuine issue of material fact as to whether defendants' negligence caused the plaintiff's injuries.

"2. The trial court erred in holding that R.C. § 2744.03(A)(3) and (5) provide defenses to defendants."

Under Civ.R. 56(C), summary judgment is properly granted when reasonable minds could reach but one conclusion and that conclusion is adverse to the nonmoving party. *State v. Licsak* (1974), 41 Ohio App.2d 165, 70 O.O.2d 325, 324 N.E.2d 589; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus.

Thus, the moving party bears the initial burden of showing that no issues exist as to any material fact. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Once the moving party meets his burden, the opposing party must set forth facts showing that there is a genuine issue and produce evidence on any issue which that party has the burden of proving at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, citing *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. The opposing party may not sit back and rely on his allegations or denials in his pleadings. Civ.R. 56(E).

In determining a motion for summary judgment, the trial court may not weigh nor assess the credibility of the evidence. *Perez v. Scripps–Howard Broadcasting Co.* (1988), 35 Ohio St.3d 215, 218, 520 N.E.2d 198, 201–202. The court must construe all doubts or conflicts in the evidence in favor of the nonmoving party, *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 46–47, 517 N.E.2d 904, 906, and grant summary judgment where that party fails to make a showing sufficient to establish the existence of an essential element upon which that party bears the burden of production at trial. *Wing, supra.*

With this standard in mind, we address appellants' second assignment of error first. If sovereign immunity applies, then we need not reach the first assignment of error or decide whether or not the trial court erred in finding appellees were not negligent.

R.C. 2744.02(A)(1) sets forth the general rule of immunity for political subdivisions in the exercise of their governmental and proprietary functions. R.C.

2744.01(F) specifically identifies a school district as a political subdivision; thus, the sovereign immunity doctrine set forth in R.C. Chapter 2744 applies to appellees.

R.C. 2744.03(A), defenses or immunities of subdivision and employee, grants appellees a defense even if they were negligent. It provides, in relevant part:

"(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

" * * *

"(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

" * * *

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

"(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:

" * * *

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]"

Based on the foregoing provisions, appellees are immune from liability if the supervision of the parking lot was a discretionary function and it was not performed with malicious purpose, bad faith, or in a wanton or reckless manner.

The trial court determined that supervising of the parking lot was a discretionary function:

"First, there is no reasonable basis to conclude that the acts or omissions of defendants' employees were not discretionary in nature. There is simply no evidence that defendants' employees involved in establishing and supervising student parking or in monitoring student movement between schools were

required to follow school policies and regulations to the letter without being permitted to prioritize or apportion their efforts among sometimes competing policies or regulations. Second, plaintiffs simply have not presented evidence other than the allegation in their complaint that created a genuine factual issue whether defendants exercised their discretion in a malicious or otherwise forbidden manner."

We find the trial court's reasoning to be correct and adopt the same. Supervising the student parking was a discretionary function and there was no evidence presented that appellees exercised their discretion with malicious purpose, in bad faith, or in a wanton or reckless manner.

The terms "malicious purpose," "bad faith," and "wanton and reckless" were defined in *Jackson v. Butler Cty. Bd. of Cty. Commrs.* (1991), 76 Ohio App.3d 448, 602 N.E.2d 363, as follows:

"As to whether conduct would reflect a malicious purpose, the Supreme Court has held that ' "[m]alicious" means "indulging or exercising malice; harboring ill will or enmity." ' [Citation omitted.] Furthermore, 'malice' can be defined as the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through conduct which is unlawful or unjustified. [Citation omitted.]

" ' * * *[B]ad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.' " *Id.,* citing *Slater v. Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148, 21 O.O.2d 420, 187 N.E.2d 45, paragraph two of the syllabus.

"Finally, an individual acts in a 'reckless manner "if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." ' [Citations omitted.]" *Id.* at 453–454, 602 N.E.2d at 367.

Appellants have failed to meet their burden in order to avoid summary judgment because they failed to set forth facts showing that appellees' actions constituted reckless or wanton conduct and were made in bad faith, as defined above, so that sovereign immunity would not apply. Therefore, the trial court's judgment granting appellees' summary judgment was proper.

The second assignment of error is without merit.

Based on the fact that sovereign immunity applies, we do not reach the first assignment of error and overrule the same as being moot.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.