OPINION
Plaintiff, Jennifer Fleck, appeals from a summary judgment for Defendant, Snyder Brick Block ("Snyder"), on Fleck's employer intentional tort claim.
On July 10, 1998, Fleck's father, Larry Adkins, was severely burned while refueling an industrial forklift he was assigned to operate by his supervisor at Snyder's plant in Moraine. Larry Adkins died of his injuries one month later. Fleck subsequently commenced this action on behalf of her father's estate, alleging that Snyder's intentional tort had proximately resulted in her father's injuries and death.
After the initial pleadings were filed, Snyder moved for summary judgment on Fleck's claim for relief. The trial court granted the motion. Fleck filed a timely notice of appeal. She now presents a single assignment of error, which is supplemented by two issues for review.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE ON PLAINTIFFS-APPELLANTS' CLAIM FOR EMPLOYER INTENTIONAL TORT.
 ISSUES PRESENTED FOR REVIEW 1. WHETHER GENUINE ISSUES OF MATERIAL FACT EXIST AS TO EACH ELEMENT OF THE THREE-PRONG COMMON-LAW TEST FOR ESTABLISHING AN EMPLOYER INTENTIONAL TORT IN OHIO.
 2. WHETHER THE TRIAL COURT ERRED IN APPLYING THE CONCEPT OF PROXIMATE CAUSE TO THE EMPLOYER INTENTIONAL TORT CAUSE OF ACTION AND, IN THE ALTERNATIVE, WHETHER GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THE INOPERABLE FUEL GAUGE WAS A PROXIMATE CAUSE OF DECEDENT'S INJURIES.
Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First National Bank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326.
The legal standard governing employer intentional tort claims was set out in Fyffe v. Jeno's (1991), 59 Ohio St.3d 115 :
 Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser Keeton on Torts (5 Ed. 1984), in order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
Id., paragraph one of the Syllabus.
The evidence shows that Larry Adkins was directed by his supervisor to operate a particular fork lift the day he was injured. The supervisor was aware that the vehicle's fuel gauge was broken and inoperable. He directed Larry Adkins to fill the vehicle's tank with gasoline when his shift commenced.
While Larry Adkins was fueling the fork lift from a standard fuel pump at Snyder's plant, fuel spewed back out of the filler neck leading to the fuel tank onto him and ignited. Why fuel spewed out as it did has not been determined. However, it is not disputed that the shut-off valve in the nozzle of the pump was working properly. How the ignition occurred is unknown.
It was the Plaintiff's theory and claim that the broken fuel gauge was a dangerous instrumentality for purposes of the Jeno's test, because being inoperable it prevented an operator filling the fork lift with fuel from knowing whether its tank would accept more. Consistent with that claim, the Plaintiff contends that fuel spewed out of the tank as it did because, unknown to Larry Adkins, the tank had become full.
The trial court granted summary judgment for Snyder on a finding that "Plaintiffs have not shown that the inoperable fuel gauge was the proximate cause of decedent's injuries." Decision, p. 4. We agree that this finding was improper, at least on the standard that Civ.R. 56(C) imposes.
"Proximate cause" presents an issue of fact, which is a matter reserved for determination by the jury. Resolution of the issue requires a weighing of evidence, which a court confronted with a motion for summary judgment may not do. Steele v. Auburn Vocational Sch. Dist. (1994),104 Ohio App.3d 204, appeal dismissed 74 Ohio St.3d 1280.
There was evidence that the fuel explosion was causally related to the inoperable fuel gauge. It was not the Plaintiff's burden at this stage to show that the gauge was a proximate cause of the explosion. To the extent that proximate cause was implicated by its motion, and only if it was, it was Snyder's burden first to show that the broken gauge was not a proximate cause of Larry Adkins' injuries and death. Dresher v. Burt (1996), 75 Ohio St.3d 280.
Rather than proximate cause, Snyder's motion presented an issue of foreseeable risk; in this instance, and per Jeno's, supra, that is a risk which is substantially certain to occur. Indeed, the Jeno's factors operate to impose a foreseeability test. They require proof that the instrumentality, process, or condition that was the agency of the employee's injury subjected the employee to a risk that the form of harm which in fact resulted was almost certain to occur, and that knowing that the employer ordered the employee to perform some job task or service which exposed him to that risk.
Here, there is evidence that the employer, knowing that the fuel gauge on the lift truck was broken, directed Larry Adkins to refuel the vehicle. The harm which produced his tragic injury and death occurred when fuel spewed out of the tank or the pump itself onto Larry Adkins, and ignited.
Gasoline exposed to a source of heat greater than its flash point is almost certain to ignite. Therefore, any condition which exposes an employee to a risk of being drenched with gasoline is a dangerous process for purposes of the Jeno's test. However, there is no evidence from which reasonable minds could conclude that Snyder knew or should have known that gasoline was substantially certain to spew forth on Larry Adkins as it did because the fuel gauge on his fork lift was broken. Therefore, and as a matter of law, the risk of the harm that occurred to Larry Adkins was not foreseeable to Snyder under the stringent standards for foreseeability which Jeno's imposes.
Plaintiffs presented evidence that Snyder's use of its fork lifts had been the subject of a prior OSHA citation. OSHA citations, standing alone, do not demonstrate an intent to injure. Further, in this instance the citation concerned other problems, not fuel gauges.
Plaintiffs also presented evidence in the form of testimony by an expert in industrial safety, who opined that the inoperable fuel gauge was a "dangerous condition." However, that demonstrates no more than mere knowledge and appreciation of a risk. That is something short of a substantial certainty, and is not intent to injure. Fyffe v. Jeno's, Inc., supra.
On this record, and construing the evidence most strongly in Plaintiffs' favor, reasonable minds could not find that the inoperable fuel gauge was a "dangerous process, procedure, instrumentality or condition" such that the injury which Larry Adkins suffered was substantially certain to occur when he was exposed to the risk of the task that Snyder assigned him. The assignment of error is overruled. The judgment from which the appeal is taken will be affirmed.
 ____________ GRADY, J.
BROGAN, J. and FAIN, J., concur.