[Cite as *Gulfport Energy Corp. v. Ripley*, 2015-Ohio-4750.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GULFPORT ENERGY CORPORATION | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 15 CA 10 |
| COREY R. RIPLEY, et al. | |
| | |
| Defendants-Appellees | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 14 OG 119 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 18, 2015 |

APPEARANCES:

For Plaintiff-Appellant

SCOTT M. ZURAKOWSKI
WILLIAM G. WILLIAMS
GREGORY W. WATTS
ALETHA M. CARVER
KRUGLIAK, WILKINS, GRIFFITHS
& DOUGHERTY
4775 Munson Street, NW, PO Box 36963
Canton, Ohio 44735-6963

JOHN R. SEEDS
DICKIE, MCCAMEY & CHILCOTE PC
Two PPG Place, Suite 400
Pittsburgh, Pennsylvania 15222-54021

For Defendants-Appellees

GREGORY D. BRUNTON
DANIEL J. HYZAK
REMINGER CO., LPA
65 East State Street
4th Floor
Columbus, Ohio 43215

*Wise, J.*

{¶1}   Plaintiff-Appellant Gulfport Energy Corporation appeals the decision of the Guernsey County Court of Common Pleas which granted summary judgment in favor of Defendants-Appellees Corey R. Ripley and Jessica Ripley.

## STATEMENT OF THE FACTS AND CASE

{¶2}   The relevant facts and procedural history are as follows:

{¶3}   On March 8, 1980, Charles and Margaret Henry (the "Henrys") were the full and undivided owners of a 155 acre tract of land located in Guernsey County, Ohio, identified with the Tax Parcel ID No. 20-0000266.000 (the "Henry Property"). During their ownership, the Henrys leased the mineral estate associated with the Henry Property to Floyd Kimble for a period of five (5) years and "so much longer as oil or gas ... shall be found on the premises in paying quantities" (the "Henry Lease"). During the primary term of the Henry Lease, Floyd Kimble drilled an oil and gas well (the "Henry Well") on the Henry Property. The Henry Well has been producing oil and/or gas continuously on the Henry Property ever since.

{¶4}   Following the execution of the Henry Lease and the drilling of the Henry Well, the 155-acre Henry Tract was then subdivided by the Henrys into two smaller tracts of land: a 33-acre tract identified with the Tax Parcel ID No. 20-0000266.001, and a 122-acre tract which retained the original Tax Parcel ID No. 20-0000266.00.

{¶5}   In May of 2010, the Henrys conveyed the smaller tract of land to Appellant Corey and Jessica Ripley (the "Ripleys") and retained ownership of the larger tract for themselves. The Henry Well was located on the Henrys' 122 acres; it was not drilled on or near the 33 acres purchased by the Ripleys.

{¶6} Sometime before May 25, 2011, the Ripleys were approached by Wishgard LLC ("Lessee") regarding leasing their 33 acre tract of land, Tax Parcel No. 20-0000266.001 (the "Property"). The purpose of the proposed lease was to have Lessee develop the Ripleys' Property so that it would produce oil and/or natural gas.

{¶7} The Lease, which was prepared by Wishgard, contained the following provisions, inter alia:

{¶8} "Lessor hereby [1] warrants generally and agrees to defend title to the Leasehold, and [2] covenants that Lessee shall have quiet enjoyment hereunder, and [3] shall have the benefit of the doctrine of after acquired title." (Lease, TITLE AND INTEREST, page 3).

{¶9} "Lessor hereby warrants that Lessor is not currently receiving any bonus, rental, production royalty as the result of any prior oil and gas lease covering any or all of the subject premises, and that there are no commercially producing wells currently existing on the subject production unit utilizing all or part of the subject premises." (Lease, Exhibit A, page 5).

{¶10} "It is understood that Lessor warrants title to said property only with respect that the title is good to the best of Lessor's knowledge and Lessee agrees that no claims will be made against Lessor pertaining to warranty of title." (Lease, Exhibit A, Special Warranty Title, Page 7).

{¶11} Shortly after the execution of the Lease, Lessee assigned its interest to Gulfport. On or about October 6, 2011, Gulfport mailed the Ripleys a "bonus" check for $1,850.00 per net leasehold acre, the total amount of the check being $58,056.70 (the "Bonus").

{¶12} On March 13, 2014, Appellant Gulfport Energy Corporation filed a complaint against Appellees Corey and Jessica Ripley asserting four causes of action: mutual mistake of fact; unjust enrichment; breach of lease/breach of covenant of quiet enjoyment; and breach of lease/breach of express warranty.

{¶13} On April 14, 2014, Appellees filed an answer to Gulfport's complaint.

{¶14} On February 4, 2015, Appellees filed a motion for summary judgment, arguing each of Appellant Gulfport's claims arose from the same "title defect" and are therefore barred by the "Special Warranty Title" provision. In support of their motion, Appellees filed an affidavit in which they averred: (1) prior to the execution of the Lease with Wishgard, they presented Wishgard representatives a copy of the Henry Lease executed on March 8, 1980; (2) Wishgard representatives reviewed the Henry Lease prior to the Ripleys executing the Wishgard Lease; (3) Wishgard representatives told the Ripleys they would not have to conduct their own independent title search because Wishgard or some other company would perform the title search on their property; and (4) based on Wishgard's representations, the Ripleys believed their title to the property subject to the Lease was good and valid.

{¶15} On February 18, 2015, Appellant Gulfport filed a brief in opposition and also asserted a cross-motion for partial summary judgment as to its claim for breach of lease/breach of covenant of quiet enjoyment.

{¶16} By Judgment Entry filed March 18, 2015, the trial court granted the Appellees' motion for summary judgment and denied Gulfport's cross-motion for partial summary judgment. The trial court held the Lease must be construed in favor of the Ripleys, and then concluded the "plain language of the lease/contract is unambiguous

and forbids any claim being brought against the Defendant (sic) 'pertaining to warranty of title' "and "finds that all of Plaintiff's claim (sic) spring forth from the title."

{¶17} Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶18} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF THE RIPLEYS AND DENIED GULFPORT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT BECAUSE GULFPORT ENERGY CORPORATION'S CLAIMS DO NOT ARISE SOLELY FROM THE WARRANTY OF TITLE PROVISION, BUT INSTEAD FROM THE RIPLEYS' EXPRESS WARRANTY AND COVENANT OF QUIET ENJOYMENT.

{¶19} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED THE RIPLEYS' MOTION FOR SUMMARY JUDGMENT AND DENIED GULFPORT ENERGY CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT BECAUSE THE RIPLEYS BREACHED THE EXPRESS TERMS OF THE PAID-UP OIL AND GAS LEASE.

{¶20} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONCLUDED THE LANGUAGE OF THE PAID-UP OIL AND GAS LEASE MUST BE CONSTRUED AGAINST GULFPORT ENERGY CORPORATION AND FAILED TO GIVE MEANING TO EVERY LEASE PROVISION."

### Summary Judgment Standard

{¶21} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v.*

*The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent

part:

> "Summary judgment shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, written admissions, affidavits,
> transcripts of evidence in the pending case, and written stipulations of fact,
> if any, timely filed in the action, show that there is no genuine issue as to
> any material fact and that the moving party is entitled to judgment as a
> matter of law. * * * A summary judgment shall not be rendered unless it
> appears from such evidence or stipulation and only therefrom, that
> reasonable minds can come to but one conclusion and that conclusion is
> adverse to the party against whom the motion for summary judgment is
> made, such party being entitled to have the evidence or stipulation
> construed most strongly in his favor."

**{¶22}** Pursuant to the above rule, a trial court may not enter a summary judgment

if it appears a material fact is genuinely disputed. The party moving for summary

judgment bears the initial burden of informing the trial court of the basis for its motion and

identifying those portions of the record that demonstrate the absence of a genuine issue

of material fact. The moving party may not make a conclusory assertion that the non-

moving party has no evidence to prove its case. The moving party must specifically point

to some evidence which demonstrates the non-moving party cannot support its claim. If

the moving party satisfies this requirement, the burden shifts to the non-moving party to

set forth specific facts demonstrating there is a genuine issue of material fact for trial.

*Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio

St.3d 280, 1996-Ohio-107.

**{¶23}** It is based upon this standard that we review Appellant's assignments of

error.

**I., II.**

{¶24} In its First and Second Assignments of Error, Appellant argues that the trial court erred in granting Appellee's motion for summary judgment and denying its cross-motion for partial summary judgment. We disagree.

{¶25} Appellant claims that the existence of the Henry Lease/Henry Well precludes their ability to use the property under the Oil and Gas Lease. Appellant argues that Appellees breached the express warranty and covenant of quiet enjoyment terms contained in the oil and gas lease, arguing that these claims do not arise solely from the warranty of title provision.

{¶26} The construction of a written contract is a matter of law for the trial court to determine. *Alexander v. Buckeye Pipe Line Co.,* 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph one of the syllabus. Because the interpretation of written contracts, including any assessment as to whether a contract is ambiguous, is a question of law, we review such issues de novo on appeal. *Sauer v. Crews,* 10th Dist. No. 12AP–320, 2012–Ohio–6257, ¶11. Our judicial examination of the contract begins with the fundamental objective of ascertaining and giving effect to the intent of the parties at the time they executed the agreement. *N. Coast Premier Soccer, LLC v. Ohio Dept. of Transp.,* 10th Dist. No. 12AP–589 (Apr. 25, 2013); *Aultman Hosp. Assn. v. Community Mut. Ins. Co.,* 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989). "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.,* 31 Ohio St.3d 130, 509 N.E.2d 411 (1987), paragraph one of the syllabus.

{¶27} If a contract is not ambiguous, it must be enforced as written. *Key Bank Natl. Assn. v. Columbus Campus, LLC,* 10th Dist. No. 11AP–920, 2013–Ohio–1243, ¶27,

988 N.E.2d 32. "Ambiguity exists only when a provision at issue is susceptible of more than one reasonable interpretation." *Lager v. Miller–Gonzales,* 120 Ohio St.3d 47, 896 N.E.2d 666, 2008–Ohio–4838, ¶16.

**{¶28}** Upon review, we find that Appellant's "discovery" of the Henry Lease/Henry Well approximately 2 ½ years after paying a bonus to Appellees does not constitute a breach of express warranty or a violation of the covenant for quiet enjoyment.

Express Warranty

**{¶29}** Appellant argues that Appellees expressly warranted that their acreage was not in a producing oil and gas well unit.

**{¶30}** The Henry Lease/Henry Well was part of the chain of title to Appellee's property when they purchased said property. Appellees' Affidavit states that they notified Wishgard as to the existence of the Henry Lease/Henry Well prior to entering in to the Paid-up Oil and Gas Lease and even provided Wishgard with a copy of said Lease.

**{¶31}** Further, the Paid-up Oil and Gas Lease contains a "Special Warranty Title" provision which states:

> It is understood that Lessor warrants title to said property only with respect that the title is good to the best of Lessor's knowledge and agrees that no claims will be made against Lessor pertaining to warranty of title.

**{¶32}** Upon review, we find the plain language contained in the oil and gas lease was unambiguous. Further, as stated by the trial court, the Lease was prepared by Wishgard, LLC, Appellant's predecessor, and as such, the language must be construed in favor of Appellees.

**{¶33}** As Appellant's claim pertains to the title, we find that under "Special Warranty Title" provision, Appellant is prevented from raising such claim under the Lease.

Covenant of Quiet Enjoyment

**{¶34}** "In Ohio, a covenant of quiet enjoyment is implied into every lease contract for realty." *Dworkin v. Paley* (1994), 93 Ohio App.3d 383, 386, 638 N.E.2d 636. Such covenant protects the tenant's right to a peaceful and undisturbed enjoyment of his leasehold. *Id.* The covenant is breached when the landlord obstructs, interferes with, or takes away from the tenant in a substantial degree the beneficial use of the leasehold. *Id.* The degree of the impairment required is a question for the finder of fact. *Id.* When the landlord breaches the covenant of quiet enjoyment, the tenant is relieved of its obligation to pay rent for the premises. *GMS Mgt. Co., Inc. v. Datillo* (June 15, 2000), Cuyahoga App. No. 75838; *Hamilton Brownfields Redevelopment LLC v. Duro Tire and Wheel,* 156 Ohio App.3d 525, 806 N.E.2d 1039, 2004–Ohio–1365, at ¶ 23; *Davis v. Sean M. Holley Agency, Inc.*, 2010-Ohio-5278, ¶ 12 (2nd Dist. Montgomery).

**{¶35}** Upon review, this Court is not convinced that the covenant of quiet enjoyment is applicable to oil and gas leases as such claims primarily arise under traditional landlord-tenant law. Assuming *arguendo* that such covenant is even applicable, we find that Appellees did not "obstruct, interfere with or take away from" Appellant "the beneficial use of the leasehold." Again, the existence of Henry Lease/Henry Well is the sole action for the violation for the covenant. This too must fail, as such again pertains to the title and is prohibited under the "Special Warranty Title" provision.

**{¶36}** Based on the foregoing, we find Appellant's arguments that its claims do not arise from the title not well-taken. Appellant's First and Second Assignments of Error not well-taken and overrule same.

**III.**

**{¶37}** In its Third Assignment of Error, Appellant argues that the trial court erred in construing the language in the lease agreement against Appellant. We disagree.

**{¶38}** Appellant argues that the trial court should have given effect to the language contained in the express warranty provision and the covenant of quiet enjoyment.

**{¶39}** As stated above, we find the lease contract language in this case to be unambiguous. For the same reasons as set forth in our analysis above, we find Appellant's Third Assignment of Error not well-taken and overrule same.

**{¶40}** Accordingly the judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Wise, J.

Hoffman, J., and

Farmer, J., concur.

JWW/d 1106