[Cite as *Sherritt v. Leath*, 2022-Ohio-2367.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JEFFREY SHERRITT, et al. | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiffs-Appellants | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2021 CA 00094 |
| JAMES LEATH, et al. | |
| | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
                             Pleas, Case No.  2016 CV 02113


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 7, 2022


APPEARANCES:

For Plaintiffs-Appellants           For Defendants-Appellees Leaths

SIDNEY N. FREMAN                    RICHARD P. GIBBS
McNAMARA, DEMCZYK CO, LPA           RICHARD P. GIBBS & ASSOCIATES LLC
12370 Cleveland Avenue, NW          1001 South Main Street
P.O. Box 867                        North Canton, Ohio  44720
Uniontown, Ohio  44685
                                    For Defendant-Appellee Willowdale
MICHAEL A. THOMPSON
4774 Munson Street                  STEVEN J. CHUPARKOFF
Suite 400                           50 South Main Street, Suite 615
Canton, Ohio  44718                 Akron, Ohio  44308

*Wise, J.*

{¶1}    Plaintiffs-Appellants, Jeffrey and Donna Sherritt, appeal from the August 9, 2021 Judgment Entry by the Stark County Court of Common Pleas. Defendants-Appellees are Willowdale Country Club Inc. ("Willowdale") and James and Kay Leath ("the Leaths"). The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}    On September 23, 2016, Appellants filed a Complaint alleging trespass, violation of quiet enjoyment, and adverse possession. On April 28, 1997, Appellants leased Lot No. 240 from Willowdale. They have been in complete and uninterrupted usage of a seven-foot strip of land on the Western Boundary of Lot No. 240 abutting Lot No. 241 ("disputed property") in excess of twenty-one years. The Leaths, lessors of Lot No. 241, undertook construction on the disputed property.

{¶3}    On October 28, 2016, Williowdale filed a response denying Appellants' claims.

{¶4}    On December 12, 2016, the Leaths filed their Answer containing a denial of Appellant's Complaint, Counterclaim, and Cross-claim.

{¶5}    The Leath's Counterclaim alleged Appellants trespassed onto their property removing at least two trees from Lot No. 241, constructing a concrete driveway on Lot No. 241, removing survey stakes placed into the ground by Hammontree and Associates, Inc. depicting the boundary line between Lot No. 240 and Lot No. 241. The Leaths' Counterclaim contained eight counts: (1) trespass by Appellants, (2) willful damage or theft, (3) negligence, (4) punitive damages, (5) conversion, (6) continuing trespass, enjoin

Appellants from further trespass and harassment of occupants, and (8) frivolous filing of a civil claim.

{¶6}  The Leaths' Cross-claim alleged a violation of covenant of quiet enjoyment against Willowdale.

{¶7}  On January 4, 2017, Willowdale filed and Answer to the Cross-Claim and a Counterclaim against Appellants for removal of two trees from Lot 241.

{¶8}  On February 6, 2017, Appellants filed an Answer to the Leaths' Counterclaim.

{¶9}  On February 16, 2017, Appellants filed an Answer to Appellee Willowdale Country Club's Counterclaim.

{¶10}  On March 15, 2017, Appellants filed an Amended Complaint alleging these counts: (1) Trespass, (2) Violation of Quiet Enjoyment, (3) Adverse Possession/Prescriptive Easement or by Necessity, (4) enjoin the Leaths from further trespass, (5) Injuring Trees, (6) criminal conversion of Appellants' trees, and (7) Negligence/Nuisance.

{¶11}  On April 6, 2017, the Leaths filed an Answer to the Amended Complaint.

{¶12}  On March 8, 2017, the Leaths filed a Motion for Partial Summary Judgment opposed by Appellants. Appellants also filed a Motion for Summary Judgment opposed by the Leaths.

{¶13} In support of the Leaths' Motion for Summary Judgment, the Leaths provided a plat map of Willowdale Country Club. The plat map hangs in the Willowdale clubhouse and was provided to Appellants when Appellants leased Lot No. 240. The

Leaths also provided a survey done by Hammontree and Associates. The survey is consistent with the Willowdale plat mat.

{¶14} Appellants provided an opinion by a licensed surveyor, Edward C. Metzger, stating that the boundary lines could not be mathematically reproduced.

{¶15} On March 23, 2018, Willowdale filed a response in support of the Leaths' Motion for Summary Judgment.

{¶16} On March 26, 2018, Appellants filed an untimely Memorandum in Response to Leaths' Motion for Summary Judgment.

{¶17} On May 31, 2018, the trial court issued a judgment entry striking Appellants' untimely memorandum, granting Summary Judgment for Appellees dismissing all but count seven of Appellants' complaint, granting judgment on counts six and seven of the Leaths' Counterclaim, and dismissing counts one through five of the Leaths' Counterclaim. The trial court found the only claims remaining for trial were Appellants' count seven for negligence/nuisance against the Leaths, and the Leaths' count eight for frivolous conduct by Appellants.

{¶18} Appellants filed a notice of appeal from the May 31, 2018 judgment entry. Appellants did not file a stay.

{¶19} On January 24, 2019, this Court dismissed the appeal finding that the judgment entry was not a final appealable order.

{¶20} On July 5, 2019, the Leaths filed a separate motion for summary judgment on Appellants' count seven, trespass.

{¶21} On July 29, 2019, Willowdale filed a motion for summary judgment on count seven.

**{¶22}** On August 15, 2019, the trial court granted the Leaths' motion.

**{¶23}** On September 18, 2019, the trial court granted Willowdale's motion

**{¶24}** On March 4, 2021, the Leaths' filed a Motion for Contempt – Violation of the trial court's May 31, 2018 Judgment Entry Enjoining Plaintiffs from Further Trespass.

**{¶25}** On March 18, 2021, Appellants filed a Memorandum in Opposition to Motion for Sanctions.

**{¶26}** On May 4, 2021, the trial court held an evidentiary hearing.

**{¶27}** On August 9, 2021, the trial court granted the Leaths' Motion for Contempt.

### ASSIGNMENTS OF ERROR

**{¶28}** On September 2, 2021, Appellant filed a timely notice of appeal. Appellant herein raises the following three Assignment of Error:

**{¶29}** "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLANTS, BY GRANTING MR. AND MRS. LEATH'S MOTION FOR SUMMARY JUDGMENT.

**{¶30}** "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLANTS, BY GRANTING WILLOWDALE COUNTRY CLUB'S MOTION FOR SUMMARY JUDGMENT.

**{¶31}** "III. THE TRIAL COURT ERRED, TO THE PREJUDICE OF MR. AND MRS. SHERRITT, BY FINDING THAT APPELLEES [sic] VIOLATED THIS COURT'S MAY 31, 2018 JUDGMENT ENTRY GRANTING SUMMARY JUDGMENT, AS WAS NECESSARY TO SUPPORT THE ORDER OF CONTEMPT."

**I.**

{¶32} In Appellants' First Assignment of Error, Appellants argue the trial court erred by granting Appellees James and Kay Leath's Motion for Summary Judgment. We disagree.

**a. Standard of Review**

{¶33} With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶34} The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

{¶35} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264

(1996). Once the moving party has met this initial burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

### b. Expert Testimony

**{¶36}** Appellants allege the trial court erred by weighing the Hammontree survey against Metzger's opinion. We disagree.

**{¶37}** In support of Appellants' argument, Appellants cite the Eleventh District Court of Appeals:

In determining a motion for summary judgment, the trial court may not weigh or assess the credibility of the evidence. *Steele v. Auburn Vocational School District*, 104 Ohio App.3d 204, 207, 661 N.E.2d 767 (11th Dist.1994). Further, where the parties present conflicting experts' opinions, the credibility of one expert opinion over another is not a proper determination in ruling on summary-judgment [sic] motion. *Morton International, Inc. v. Continental Ins. Co.*, 104 Ohio App.3d 315, 323, 662 N.E.2d 29 (1st Dist.1995). Moreover, "[i]n reviewing a summary-judgment [sic] motion, a trial court should not reject one expert opinion for another simply because it believes one theory over another." *Miller v. Bike Athletic Co.*, 80 Ohio St.3d 607, 613, 687 N.E.2d 735 (1998). For purposes of a summary-judgment [sic] motion, expert opinions are to be accepted as true. *Smith v. Towns*, 10th Dist. Franklin No. 91AP-1410, 1992 Ohio App. LEXIS

3221, *11, 1992 WL 142370 (June 16, 1992). Conflicting expert opinions regarding the defendant's liability raise a genuine issue of material fact, precluding summary judgment.

*DiBlasi v. First Seventh-Day Adventist Community Church*, 11th Dist. Geauga No. 2013-G-3169, 2014-Ohio-2702, ¶32.

**{¶38}** However, as noted in the Judgment Entry of August 9, 2022, the Metzger opinion is not in conflict with the Hammontree survey, the only boundary survey submitted to the court. Mr. Metzger does not opine upon the property lines based upon a survey, but discussed the usage of the disputed property. As such, this evidence applies to Appellants claims of adverse possession and easement by prescription, discussed below. Therefore, the trial court did not weigh two surveys which were in conflict against each other when partially granting the Leaths' Motion for Summary Judgment. The trial court correctly found the Hammontree survey and Metzger opinion did not raise any genuine issue of material fact to preclude summary judgment.

### c. Leaths' Motion for Summary Judgment was not Supported by Competent Evidence.

**{¶39}** Appellants argue that because certain documents were not properly authenticated, then summary judgment was inappropriate. We disagree.

**{¶40}** Civ.R. 56(C) states:

**(C) Motion and Proceedings.** The motion together with all affidavits and other materials in support shall be served in accordance with Civ.R. 5. Responsive arguments, together with all affidavits and other materials in opposition, and a movant's reply arguments may be served as provided by Civ.R.6(C). Summary judgment shall be rendered forthwith if the pleadings,

depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶41}** "Failure to move to object to the court's consideration of the evidence submitted in support of a motion for summary judgment constitutes a waiver of any alleged error in the consideration of the evidence." *Asset Acceptance LLC v. Davis*, 5th Dist. Fairfield No. 2004CA00054, 2004-Ohio-6967, ¶45.

**{¶42}** In the case *sub judice*, Appellants did not file a timely response to the Leaths' Motion for Summary Judgment. Appellants' untimely motion was struck from the record. Appellants' argument lacks any specific reference to the record where they made a timely objection to the trial court in support of their argument. Appellants have not demonstrated that any error was committed by the trial court in the submission of evidence.

### d. Adverse Possession, Boundary by Estoppel, Easement by Prescription, Easement by Necessity

**{¶43}** Appellants also claim they are entitled to a presumption that they acquired the disputed property by adverse possession, an easement by prescription, or an easement by necessity. We disagree.

**{¶44}** The Sixth District Court of Appeals has held, "the principles of adverse possession are not applicable to a dispute between leaseholders regarding the extent of the property they can possess. *Hempel v. Zabor*, 6th Dist. Erie No. E-06-032, 2007-Ohio-5320, ¶13.

**{¶45}** In the case *sub judice*, Appellants are leaseholders of Lot No. 240, and as such do not have standing to claim adverse possession, easement by prescription, or an easement by necessity over the leased premises.

**{¶46}** Appellants also, for the first time on appeal, argue they are entitled to a presumption of ownership over the disputed property by boundary by estoppel. We disagree.

**{¶47}** "It is well established that a party cannot raise any new legal issues or legal theories for the first time on appeal." *Dolan v. Dolan*, 11th Dist. Trumbull App. Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, ¶7, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629.

**{¶48}** Appellants failed to raise this argument in their Amended Complaint, and did not file a timely response to the Leaths' Motion for Summary Judgment. As such, Appellants waived this argument.

**{¶49}** Accordingly, Appellants' First Assignment of Error is overruled.

**II.**

**{¶50}** In Appellants' Second Assignment of Error, Appellants argue the trial court erred in granting Willowdale's Motion for Summary Judgment. We disagree.

**a. Standard of Review**

**{¶51}** Again, with regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1997).

**{¶52}** The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶53}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met this initial burden, the nonmoving party then has a

reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

### b. Adverse Possession, Easement by Prescription, Easement by Necessity

**{¶54}** Appellants also claim they are entitled to a presumption that they acquired the disputed property by adverse possession, an easement by prescription, or an easement by necessity. We disagree.

**{¶55}** Again, the Sixth District Court of Appeals has held, "the principles of adverse possession are not applicable to a dispute between leaseholders regarding the extent of the property they can possess. *Hempel v. Zabor*, 6th Dist. Erie No. E-06-032, 2007-Ohio-5320, ¶13.

**{¶56}** In the case *sub judice*, Appellants are leaseholders of Lot No. 240, and as such, do not have standing to claim adverse possession, easement by prescription, or an easement by necessity over the leased premises.

### c. Breach of Covenant of Quiet Enjoyment

**{¶57}** Appellants claim the trial court erred in finding Willowdale did not breach its Covenant of Quiet Enjoyment. We disagree.

**{¶58}** "In Ohio, a covenant of quiet enjoyment is implied into every lease contract for realty." *Dworkin v. Paley* (1994), 93 Ohio App.3d 383, 386, 638 N.E.2d 636. This covenant protects Appellants' right to a peaceful and undisturbed enjoyment of their leasehold. *Id.* The covenant is breached when the landlord obstructs, interferes with, or takes away from the tenant in a substantial degree the beneficial use of the leasehold. *Id.*

The degree of the impairment required is a question for the finder of fact. *Id.* To constitute a breach of the covenant, "the interference with the tenant's quiet enjoyment must be so substantial as to be tantamount to an eviction, actual or constructive." *GMS Mgt. Co., Inc. v. Datillo*, 8th Dist. Cuyahoga No. 75838, 2000 WL 776982 (June 15, 2000); *Hamilton Brownsfield Redevelopment L.L.C. v. Duro Tire & Wheel*, 156 Ohio App.3d 525, 2004-Ohio-1365, 806 N.E.2d 1039, ¶23 (12th Dist.2004).

**{¶59}** Constructive eviction occurs when the landlord interferes with the tenant's possession and enjoyment of the premises, and the acts of interference by the landlord compel the tenant to leave. *Foote Theatre, Inc. v. Dixie Roller Rink, Inc.*, 14 Ohio App.3d 456, 457, 471 N.E.2d 866 (3d Dist.1984).

**{¶60}** In the case *sub judice*, Appellants' leasehold is for Lot No. 240. Appellants still reside on Lot No. 240. Lot No. 240 does not include the disputed property. As such, any interference by Willowdale of Appellants' use of the disputed property could not be tantamount to an actual or constructive eviction of Lot No. 240.

**{¶61}** Therefore, Appellants failed to raise any genuine issue of material fact to preclude summary judgment.

**{¶62}** Appellants' Second Assignment of Error is overruled.

**III.**

**{¶63}** In Appellants' Third Assignment of Error, Appellants argue the trial court erred in finding Appellants violated the trial court's Judgment Entry dated May 31, 2018. We disagree.

**{¶64}** A trial court's decision in a contempt proceeding is reviewed for an abuse of discretion. *Wadian v. Wadian*, 5th Dist. Stark No. 2007 CA 00125, 2008-Ohio-5009.

{¶65} An abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶66} "Civil contempt is defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party therein." *Beach v. Beach* (1955), 99 Ohio App. 428, 431, 130 N.E.2d 164. "It is irrelevant that the transgressing party does not intend to violate the court order." *Pedone v. Pedone* (1983), 11 Ohio App.3d 164, 165, 463 N.E.2d 656, 658 (8th Dist.1983). "If the dictates of the judicial decree are not followed, a contempt citation will result." *Id.*

{¶67} The Ohio Supreme Court has explicitly held a party acting innocently and not in intentional disregard of a court order could not use that innocence as a defense to a charge of civil contempt. * * * An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently." *McComb v. Jacksonville Paper Co.* (1949), 336 U.S. 187, 191, 60 S.Ct. 497, 499, 93 L.Ed. 599.

{¶68} "A court has authority both under R.C. 2705.02(A) and on the basis of its inherent powers to punish the disobedience of its orders with contempt proceedings." *Zakany v. Zakany*, 9 Ohio St.3d 192, 459 N.E.2d 870 (1984). "The purpose of sanctions in a case of civil contempt is to compel the contemnor to comply with lawful order of a court, and the fact that the contemnor acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971). "It is irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result." *Pedone* at 165.

**{¶69}** In a civil contempt proceeding, the movant bears the initial burden of demonstrating by clear and convincing evidence that the other party violated an order of the court. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980). "Clear and convincing evidence" is evidence that will form a firm belief in the mind of the trier of fact as to the facts sought to be established. *Cincinnati Bar Assn. v. Massengale*, 58 Ohio St.3d 121, 568 N.E.2d 1222 (1991). Determination of clear and convincing evidence is within the discretion of the trier of fact. *Id.*

**{¶70}** In the case *sub judice*, the record shows the Leaths met their burden of demonstrating by clear and convincing evidence that Appellant violated the May 31, 2018 Judgment Entry by not removing the encroachments onto the Leaths' property. The trial court's Judgment Entry, while read in conjunction with the counterclaim, provided Appellants with their obligations and responsibilities. Appellants failed to remove their encroachments onto the Leaths property.

**{¶71}** Based upon the record before us, we find the trial court did not abuse its discretion in finding Appellants in contempt. We do not find the trial court's decision to be arbitrary, unreasonable, or unconscionable.

**{¶72}** Appellants' Third Assignment of Error is overruled.

**{¶73}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/br 0627