[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Randolph*, Slip Opinion No. 2023-Ohio-4753.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4753

THE STATE OF OHIO/CITY OF TOLEDO, APPELLANT, *v.* RANDOLPH, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Randolph*, Slip Opinion No. 2023-Ohio-4753.]

*Criminal law—R.C. 2911.21—Criminal trespass—Property law—Landlords, tenants, tenants' guests—A landlord or landlord's agent, without first reserving authority to do so in lease agreement, may not prohibit a person from entering onto the property such that a tenant is prohibited from inviting that person onto the property—A landlord cedes possessory interests in leased property to the tenant such that the tenant may invite onto the property a person whom the owner has sought to ban from the premises, provided that no language to the contrary appears in lease agreement and preserves the landlord's possessory interests—Court of appeals' judgment affirmed.*

(No. 2022-1082—Submitted May 17, 2023—Decided December 29, 2023.)

CERTIFIED by the Court of Appeals for Lucas County, No. L-21-1140, 2022-Ohio-2909.

_____

**FISCHER, J.**

{¶ 1} In this certified-conflict case, we are asked to determine whether a landlord or landlord's agent may exclude a person from the leased premises, without there being any authority to do so in the lease agreement, such that the excluded person is considered a trespasser when on the premises even when a tenant of the property has permitted the person to enter the premises. We hold that a landlord or landlord's agent may not exclude such a person from the premises without first reserving the authority to do so in the lease agreement.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} The property manager of the Greenbelt Place Apartments in Toledo banned appellant, Antonio Randolph, from the apartment-complex premises. The property manager subsequently responded to a noise complaint regarding Randolph's uncle's leased unit in the complex. When the property manager entered the unit, she discovered Randloph there. Randolph was then arrested and charged with criminal trespass under R.C. 2911.21 in the Toledo Municipal Court.

{¶ 3} At a bench trial, Randloph testified that his uncle had invited him to the apartment. Appellant, the city of Toledo, presented no evidence indicating that the lease agreement signed by Randolph's uncle had authorized the property owner or property manager to exclude anyone from the premises; therefore, we presume for purposes of our analysis that no such contractual provision existed.

{¶ 4} The trial court found Randolph guilty of criminal trespass. The court found persuasive the decision of the Second District Court of Appeals in *State v. Smith*, 2d Dist. Montgomery No. 25048, 2012-Ohio-4861, particularly that decision's conclusion that a lease agreement for a particular rental unit does not automatically divest the landlord of the right to exclude others from that unit, because a landlord has a duty to ensure the quiet enjoyment of the premises for the tenants of neighboring units, *id.* at ¶ 15-17. Because the evidence submitted at trial showed that Randolph had been barred from the apartment complex, the trial court

determined that Randolph had lacked privilege to enter the premises and that he was therefore guilty of criminal trespass.

{¶ 5} The Sixth District Court of Appeals reversed the trial court's judgment. 2022-Ohio-2909, 194 N.E.3d 476, ¶ 43. A majority of the appellate panel held that for Randolph to be found guilty of criminal trespass, the city had to prove that Randolph had entered the premises without privilege. *See id.* at ¶ 35. Construing decisions of other district courts of appeals, the majority found it significant that Randolph had entered the premises at his uncle's invitation and that the invitation had not been revoked. *Id.* The majority concluded that viewing the evidence in a light most favorable to the city, "no rational trier of fact could have found beyond a reasonable doubt that [Randolph] was without privilege to be in his uncle's Greenbelt apartment." *Id.* at ¶ 37.

{¶ 6} One judge on the appellate panel concurred in judgment only. *Id.* at ¶ 44 (Zmuda, J., concurring in judgment only). The concurring judge stated that the issue in the case actually was "whether the lessor or the lessee has the authority to grant privilege to another to enter and remain in [a] leased unit." *Id.* at ¶ 49. He concluded that "[u]nless otherwise stated, a lease agreement grants the lessee [that] right."

{¶ 7} The Sixth District certified to this court that its decision conflicted with the Second District's decisions in *Smith*, 2012-Ohio-4861, and *State v. Scott*, 2d Dist. Montgomery No. 19902, 2004-Ohio-271. 2022-Ohio-2909 at ¶ 40-41.

{¶ 8} This court determined that a conflict existed and ordered briefing on the questions certified by the Sixth District, which are:

> 1. Can a rental property owner, or the owner's agent (landlord or agent), prohibit a person from entering onto the property such that a tenant of that property is prohibited from inviting that person to the tenant's residence or apartment?

2. Must the owner of rental property, or an agent (landlord or agent), sacrifice possessory interests in the property to a tenant so the tenant can invite a banned or "trespassed" person to the tenant's residence or apartment?

168 Ohio St.3d 1464, 2022-Ohio-4268, 198 N.E.3d 888.

## ANALYSIS

{¶ 9} The city argues that the primary consideration in this case is a landlord's duty to provide quiet enjoyment for all the tenants of an apartment complex, not just a particular tenant. It accordingly asks this court to hold that a landlord or landlord's agent retains the authority to prohibit a person from entering leased property, and it asks us to reverse the Sixth District's decision. Randolph, on the other hand, argues that the court of appeals correctly decided the case and that this court should affirm its decision under the analysis of either the panel's majority or the judge concurring in judgment only.

{¶ 10} R.C. 2911.21(A) provides that "[n]o person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another." R.C. 2901.01(A)(12) defines "privilege" as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." In applying these statutory provisions, both the trial court and the Sixth District surveyed decisions from other district courts of appeals. A brief review of those appellate decisions serves as a helpful introduction to our analysis.

{¶ 11} The earliest case considered below was *Kent v. Hermann*, 11th Dist. Portage Nos. 95-P-0044 and 95-P0045, 1996 Ohio App. LEXIS 880 (Mar. 8, 1996). In *Hermann*, the owner of an apartment building had advised the defendant, who was the girlfriend of a tenant, that she was not permitted to be on the property. *Id.*

at *1-2. The defendant was thereafter convicted of criminal trespass after she twice visited the tenant's apartment at the tenant's invitation. *Id.* at *2.

{¶ 12} In analyzing whether a landlord or landlord's agent may prohibit a person from being on the property despite the person's having been invited onto the property by a tenant, the Eleventh District Court of Appeals first noted that trespass is an invasion of the possessory interests in property, not an invasion of title, and that the owner of the leased property sacrifices his or her possessory interests in the property to the tenant and may not prohibit the tenant from inviting others onto the property. *Id.* at *4-5, citing *State v. Herder*, 65 Ohio App.2d 70, 74, 415 N.E.2d 1000 (10th Dist.1979). The court of appeals accordingly reasoned that a person cannot be guilty of trespassing on the landlord's property if that person enters a tenant's rental unit with the permission of the tenant. *Id.* at *5. A guest's having entered only the common area of the premises is of no significance, the court reasoned, because "the landlord's rights in limiting common ingress and egress ways to guests of the tenant must also be generally qualified so as to permit access to the renter's apartment." *Id.* at *7.

{¶ 13} The *Hermann* court further noted that lease agreements may reasonably restrict a tenant's guests' access to common areas and that a landlord's providing notice to a guest of such a restriction may support a future charge of criminal trespass against the guest. *Id.* But absent such a provision in the lease agreement, the court stated, an invited guest's use of common-area facilities, in and of itself, does not make that guest guilty of trespass. *Id.* at *7-8. Applying these principles, the court concluded that because the defendant had had permission from the tenant to enter the premises, she was not guilty of criminal trespass. *Id.* at *8.

{¶ 14} Subsequent to the *Hermann* decision, the Third District Court of Appeals decided *State v. Hites*, 3d Dist. Allen No. 1-2000-22, 2000 Ohio App. LEXIS 3562 (Aug. 8, 2000). In *Hites*, the defendant had been notified by an agent of an apartment-complex manager that he was forbidden from entering any

common area or unit in the complex. *Id.* at \*2. The defendant was subsequently convicted of criminal trespass after he was observed in an apartment in the complex. *Id.* The defendant had been in the apartment at the invitation of the tenant. *Id.* The Third District reversed the defendant's conviction, concluding that *Hermann* was correctly decided, *Hites* at \*5-6, and holding that "an owner of an apartment complex cannot prohibit guests, invited by the tenant, from being present on the property," *id.* at \*7.

{¶ 15} The other two appellate decisions considered by the Sixth District below were *Scott*, 2004-Ohio-271, and *Smith*, 2012-Ohio-4861, the Second District decisions that the Sixth District found to be in conflict with its decision. *See* 2022-Ohio-2909, 194 N.E.3d 476, at ¶ 40-41. In *Scott*, the defendant had been notified that he was not permitted to enter any land or premises owned by the Dayton Metropolitan Housing Authority ("DMHA"). *Id.* at ¶ 2. The defendant was subsequently convicted of criminal trespass after he entered an apartment building owned by DMHA at the invitation of his girlfriend, who was renting an apartment in the building. *Id.* at ¶ 3, 9. In finding that the defendant had entered the property without privilege to do so, the Second District noted that the lease agreement signed by the defendant's girlfriend included a provision specifying that tenants must abide by reasonable DHMA regulations. *Id.* at ¶ 19. Because DMHA's criminal-trespass policy was a reasonable regulation that the defendant's girlfriend had been aware of, the court of appeals affirmed the defendant's criminal-trespass conviction. *Id.* at ¶ 19, 21, citing *Virginia v. Hicks*, 539 U.S 113, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003).

{¶ 16} In *Smith*, a manager of an apartment complex had told the defendant that he was not allowed to return to the complex. *Id.* at ¶ 2-3. The defendant was subsequently convicted of criminal trespass after he returned to the property. *Id*. at ¶ 4-5, 9. Relying on *Scott*, the Second District concluded that the defendant was guilty of criminal trespass even though he had entered the property at the invitation

of a tenant. *Smith* at ¶ 16-18. In its analysis, the court of appeals reasoned that "[a] landlord has a common law duty to provide for the health and safety of all of his tenants, as well as to ensure their quiet enjoyment of the premises." *Id.* at ¶ 16, citing *Davis v. Sean M. Holley Agency, Inc.*, 2d Dist. Montgomery No. 23891, 2010-Ohio-5278, ¶ 12. The court concluded that "[a]llowing one tenant's invitation to trump the landlord's ability to discharge that duty can deprive other tenants of their right to quiet enjoyment." *Id.*

{¶ 17} Here, the trial court found *Smith* to be persuasive, while the Sixth District found *Hermann*, 1996 Ohio App. LEXIS 880, and *Hites*, 2000 Ohio App. LEXIS 3562, to be persuasive, 2022-Ohio-2909 at ¶ 35. We agree with the Sixth District's determination that the courts in *Hermann* and *Hites* reached the correct conclusions.

{¶ 18} We also agree with the judge concurring in judgment only below that the crux of this case is "whether the lessor or the lessee has the authority to grant privilege to another to enter and remain in [a] leased unit," 2022-Ohio-2909, 194 N.E.3d 476, at ¶ 49 (Zmuda, J., concurring in judgment only), because that issue focuses on a key aspect of R.C. 2911.21(A). In resolving that question, we emphasize that Ohio law provides that a landlord cedes his or her possessory interests in leased property to the tenant and therefore may not prohibit the tenant from inviting guests onto the property. *See, e.g.*, *Hermann* at *4-5, citing *Herder*, 65 Ohio App.2d at 74, 415 N.E.2d 1000. We accordingly conclude that a landlord or landlord's agent generally may not exclude a person from rented premises such that the excluded person is considered a trespasser when on the premises even if the person received permission to enter the premises from a tenant of the property.

{¶ 19} In concluding to the contrary, the trial court below relied on *Smith*, 2012-Ohio-4861, particularly the Second District's rationale that a landlord has an obligation to protect all tenants' rights to the quiet enjoyment of the premises, *id.* at ¶ 15-17. On appeal to this court, the city reasserts that argument. However, as

correctly noted by the judge concurring in judgment only below, that obligation can be fulfilled without automatically infringing the rights of the tenant, because the appropriate remedy when one tenant's conduct breaches another tenant's quiet enjoyment of the property is a forcible-entry-and-detainer action against the offending tenant. *See* 2022-Ohio-2909 at ¶ 60 (Zmuda, J., concurring in judgment only). To the extent that the right to quiet enjoyment applies when one tenant's behavior disrupts another tenant, the landlord can protect all tenants' rights to quiet enjoyment by evicting a tenant who violates the other tenants' rights to quiet enjoyment. It follows that the rights of such other tenants can be upheld without altering existing Ohio law recognizing that landlords cede possessory interests in leased properties to their tenants.

{¶ 20} The judge concurring in judgment only below was also correct in concluding that *Scott*, 2004-Ohio-271, is not actually in conflict with the Sixth District's decision in this case. *See* 2022-Ohio-2909 at ¶ 65 (Zmuda, J., concurring in judgment only). As explained above, *Scott* involved a lease agreement containing language that granted the landlord authority to exclude others from the property, *id.* at ¶ 19. Such a contractual provision serves as a tool by which a landlord can maintain control over access to a property if the landlord so desires. *See* 2022-Ohio-2909 at ¶ 61 (Zmuda, J., concurring in judgment only). Because the city failed at trial to produce evidence indicating that the lease agreement in this case contained such a provision, *Scott* is inapposite.

{¶ 21} For these reasons, we hold that a landlord or landlord's agent, without first reserving the authority to do so in the lease agreement for the property, may not prohibit a person from entering onto the property such that a tenant of the property is prohibited from inviting that person onto the property. We further hold that a landlord cedes possessory interests in the leased property to the tenant such that the tenant may invite onto the property a person whom the landlord has sought

to ban from the premises, provided that no language to the contrary appears in the lease agreement and preserves the landlord's possessory interests.

## CONCLUSION

{¶ 22} We answer the first certified-conflict question in the negative and hold that a landlord or landlord's agent, without first reserving the authority to do so in the lease agreement for the property, may not prohibit a person from entering onto the property such that a tenant is prohibited from inviting that person onto the property. We answer the second certified-conflict question in the affirmative and hold that a landlord cedes possessory interests in the leased property to the tenant such that the tenant may invite onto the property a person whom the owner has sought to ban from the premises, provided that no language to the contrary appears in the lease agreement and preserves the landlord's possessory interests. We accordingly affirm the judgment of the Sixth District.

Judgment affirmed.

KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

—————————

Rebecca A. Facey, Toledo Chief Prosecuting Attorney, and John B. Arnsby and Jimmie Jones, Assistant Prosecuting Attorneys, for appellant city of Toledo.

Kendall Legal Services, L.L.C., and Laurel A. Kendall, for appellant Antonio Randolph.

—————————